**DENY; and Opinion Filed June 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00757-CV

## IN RE JAY SANDON COOPER, Relator

**Original Proceeding from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2011-2-1391**

# MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice Brown

Relator filed this petition for writ of mandamus requesting that the Court order the county clerk of Grayson County to provide him with a free copy of the clerk's record in addition to the copy that the clerk has filed in relator's pending appeal so that relator can use the additional copy to prepare his pro se appeal of his criminal conviction. Relator was adjudged indigent in the trial court. The clerk's record was filed in his appeal without cost to relator on May 7, 2014.

Although the Court ordinarily does not have jurisdiction to issue a writ of mandamus to a court clerk, Texas courts of appeals may, in appropriate cases, issue writs of mandamus necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221 (West 2004); *In re Smith*, 270 S.W.3d 783, 796 (Tex. App.—Waco 2008, orig. proceeding) (Mandamus against a district clerk is appropriate if the acts of the district clerk interfere with appellate court's jurisdiction.). This is not such a case. Contrary to relator's assertions, rule 20 of the Texas Rules of Appellate procedure does not entitle a party to an additional free copy of the

record for his own personal use. Receiving an additional free copy is not the only means of access to the record. *In re Fitts,* No. 07-98-0374-CV, 1999 WL 5078, at *1 (Tex. App.— Amarillo Jan. 5, 1999, orig. proceeding) (mem. op.). Rule 34.5(g) of the rules of appellate procedure provides that in criminal cases an additional copy of the clerk's record must be retained by the trial court clerk for the parties to use with the court's permission. TEX. R. APP. P. 34.5(g). Relator does not allege he presented a request for access to the trial court clerk's copy of the record which was denied. Accordingly, the Grayson County clerk has not failed to comply with a ministerial duty because she does not have a ministerial duty to provide relator with an additional free copy of the record. We **DENY** the petition for writ of mandamus.

/Ada Brown/
ADA BROWN
JUSTICE

140757F.P05

-2-